J-S30003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN MICHAEL HICKOX, | |
| Appellant | No. 1882 MDA 2016 |

Appeal from the PCRA Order November 1, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001270-2010

BEFORE: SHOGAN, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 18, 2017**

Appellant, Justin Michael Hickox, appeals *pro se* from the order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

Appellant was charged with nine counts of indecent assault and one count of corruption of minors.[1] On March 2, 2011, Appellant entered a guilty plea to four counts of indecent assault and was sentenced on June 28, 2012. On direct appeal, this Court vacated Appellant's judgment of sentence and remanded the matter. **Commonwealth v. Hickox**, 91 A.3d 1291, 1357 MDA 2012 (Pa. Super. filed November 20, 2013) (unpublished memorandum).

---

[1] 18 Pa.C.S. §§ 3126(a)(7) and 6301(a)(1), respectively.

- 1 -

On June 2, 2014, Appellant entered a guilty plea to the nine counts of indecent assault and one count of corruption of minors. N.T., 6/2/14, at 2-21. Appellant was sentenced on the same day to payment of costs, time served and an aggregate term of fifteen years of probation. *Id.* at 8-13; Written Guilty Plea Colloquy, 6/23/14 at 2.

Appellant filed a PCRA petition on December 17, 2014. Counsel was appointed, but was later permitted to withdraw due to Appellant's desire to proceed *pro se*.[2]

By order entered July 27, 2015, Appellant was granted leave to file an amended PCRA petition, and Appellant did so on the same day. The PCRA court addressed Appellant's PCRA petition filed December 17, 2014, and Appellant's first amended PCRA petition filed July 27, 2015, together and issued its notice of intent to dismiss both on September 24, 2015. Appellant filed a response. Both petitions were dismissed by order entered October 8, 2015.

Appellant timely appealed, and on June 9, 2016, this Court vacated that order and remanded the matter due to the trial court's failure to

---

[2] We note that in July of 2015, Appellant violated his probation and was resentenced on July 17, 2015, to a prison term of five to ten years. The trial court subsequently issued an amended order dated July 24, 2015, correcting the sentence imposed on July 17, 2015, as to Count 2.

conduct a **Grazier**[3] hearing. **Commonwealth v. Hickox**, 153 A.3d 1104, 1897 MDA 2015 (Pa. Super. filed June 9, 2016) (unpublished memorandum).[4]

On remand, the trial court conducted a **Grazier** hearing on June 21, 2016, granting Appellant's request to proceed *pro se* and giving him sixty days to amend his PCRA petition. Order, 7/5/16. Appellant filed his second amended PCRA petition on that same day, June 21, 2016.

By order entered November 1, 2016, Appellant's second amended petition was dismissed. Appellant filed a timely appeal on November 14, 2016. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1.   Was appointed trial counsel ineffective during the guilty plea process?

2.   Was appointed trial counsel ineffective for failing to prepare for trial?

Appellant's Brief at 5.

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.").

[4] We note that Appellant filed a motion for sentence modification on January 22, 2016, and by order entered January 27, 2016, the trial court denied that motion. Appellant timely appealed that determination, but the appeal at 223 MDA 2016 was discontinued on March 10, 2016.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Appellant's issues allege ineffective assistance of trial counsel ("IAC"). When considering an allegation of IAC, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) appellant was prejudiced by counsel's action or omission. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any one of the three prongs. *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). "The burden of proving

ineffectiveness rests with Appellant." ***Commonwealth v. Rega***, 933 A.2d 997, 1018 (Pa. 2007).

In his first issue, Appellant argues that trial counsel was ineffective during the guilty plea process. Appellant's Brief at 10. Appellant asserts that on the day of jury selection, trial counsel, without the consent of Appellant, approached the Commonwealth regarding a plea offer. *Id.* at 11. Appellant maintains that he rejected the plea offer and told counsel that under no circumstances was counsel permitted to discuss or accept any offer from the Commonwealth. *Id.* Appellant contends that in the following hours, counsel attempted to convince Appellant to take the plea in order to avoid any risk of additional prison time. *Id.* Appellant also asserts that trial counsel did not discuss trial strategy with him, and that Appellant discovered on the day of jury selection that counsel was "wholly unprepared to proceed to trial." *Id.* As a result, Appellant argues that "based on the circumstances surrounding the actions and inactions of trial counsel, the Appellant would never have entered into a guilty plea and would have proceeded to trial as was his intention all along." *Id.* at 12. Appellant contends that the ineffectiveness of trial counsel induced a guilty plea when Appellant is actually innocent. *Id.* at 12.

"Claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea." ***Commonwealth v. Brown***, 48 A.3d 1275,

1278 (Pa. Super. 2012). "A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." *Id.* at 1277. The law does not require that an appellant be pleased with the results of the decision to enter a guilty plea; rather "[a]ll that is required is that appellant's decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Moser*, 921 A.2d 526, 528–529 (Pa. Super. 2007).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1)   Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2)   Is there a factual basis for the plea?

3)   Does the defendant understand that he or she has the right to a trial by jury?

4)   Does the defendant understand that he or she is presumed innocent until found guilty?

5)   Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

6)   Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

7)   Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590, cmt.; *Commonwealth v. Pollard,* 832 A.2d 517, 522–523 (Pa. Super. 2003).

This Court has explained:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Additionally, a written plea colloquy that is read, completed, and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Commonwealth v. Morrison*, 878 A.2d 102, 108-109 (Pa. Super. 2005) (citing Pa.R.Crim.P. 590, cmt.). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Pollard*, 832 A.2d at 523 (internal citation omitted).

Here, the trial court conducted an oral, on-the-record colloquy which complied with the requirements set forth in Pa.R.Crim.P. 590. At the hearing Appellant testified that he was voluntarily entering his plea, N.T., 6/2/14, at 6, and that he was satisfied with this lawyer's representation. *Id.* at 7. Moreover, Appellant completed and signed a written guilty plea colloquy that has been made part of the record. Written Guilty Plea Colloquy, 6/23/14, at 1-5. In the written guilty plea colloquy, the plea

agreement was set forth and specifically initialed by Appellant. *Id.* at 2. The written guilty plea also indicates that Appellant voluntarily entered his plea and that he was satisfied with his attorney's representation. *Id.* at 5.

Appellant is bound by the statements made in his oral and written plea colloquies, and he may not now offer contradictory reasons for asserting that his plea was not voluntary. *Brown*, 48 A.3d at 1277. Appellant may not be pleased with the results of entering a guilty plea, but he cannot now obtain relief by claiming he felt pressured by counsel to plead guilty. *Moser*, 921 A.2d at 528-529. The evidence supports the conclusion that Appellant voluntarily, knowingly, and intelligently entered his guilty plea, and Appellant has failed to bear the burden of proving otherwise. Because the underlying issue lacks merit, Appellant cannot succeed on his claim of ineffective assistance of counsel. *Spotz*, 84 A.3d at 311. Accordingly, Appellant's first issue fails.

In his second issue, Appellant argues that trial counsel was ineffective for failing to prepare for the jury trial and properly defend Appellant. Appellant's Brief at 12.[5] Appellant contends that counsel failed to issue a subpoena for crucial documents and witnesses that would exonerate him.

---

[5] We note that Appellant's brief fails to comply with Pa.R.A.P. 2119, which requires the argument to be divided into as many parts as there are questions to be argued and shall have as a heading, the particular point treated therein. Because this discrepancy does not substantially handicap our review, we do not find waiver on this basis.

*Id.* Appellant further asserts that because the Commonwealth's plea offer was only good for the day scheduled for trial, Appellant had "no choice" but to enter an involuntary plea. *Id.* at 17-18.

We agree with the Commonwealth's assertion that Appellant has waived this claim because he failed to include supporting facts in his PCRA petition pursuant to Pa.R.Crim.P. 902. Pa.R.Crim.P. 902(A)(12)(a) provides that the PCRA petition shall include the facts supporting each ground for relief that "appear in the record, and the place in the record where they appear." Additionally, Pa.R.Crim.P. 902(A)(12)(b) requires that the PCRA petition contain the facts supporting each ground of relief that "do not appear in the record, and an identification of any affidavits, documents, and other evidence showing such facts." Although Appellant claims in his second amended PCRA petition that trial counsel failed to prepare for trial by failing to interview witnesses or issuing subpoenas for various exculpatory documents, Appellant failed to identify the witnesses and the alleged documents to which he refers in his petition. Second-Amended Petition for Post-Conviction Collateral Relief, 6/21/16, at 4. Appellant provided this information for the first time in his appellate brief. Appellant's Brief at 13-16. "[I]t is long settled that issues not raised in a PCRA or amended PCRA petition are waived on appeal." *Commonwealth v. Lauro*, 819 A.2d 100, 103–104 (Pa. Super. 2003). Accordingly, Appellant's claim is waived. Furthermore, to the extent Appellant claims that counsel's alleged lack of

trial preparation resulted in an involuntary plea, we conclude this claim fails for reasons previously discussed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/18/2017